# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

        Plaintiff,

vs.                             No. CV 19-00861 MV/KBM

SECRETARY OF CORRECTIONS
DAVID JABLONSKI, et al.,

        Defendants.

## PRO SE PRISONER
## CASE MANAGEMENT ORDER

THIS MATTER is before the Court *sua sponte*. The Court has received and docketed the Verified Civil Rights Complaint filed pro se by Plaintiff Mark Staake on September 18, 2019. Plaintiff shall include the case number, CV 19-00861 MV/KBM, on all papers filed in this proceeding.

Plaintiff must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). Plaintiff is obligated to keep the Court advised of any changes in Plaintiff's mailing addresses. Failure to keep the Court informed of Plaintiff's correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Plaintiff should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling.

Plaintiff should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Plaintiff is not to send any mail directly to the assigned District Judge or Magistrate Judge.

2

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 2). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff Staake appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Moreover, a request for appointment of counsel is premature until the Court completes screening of the Complaint. The Court will deny the Motion for Appointment of Counsel, without prejudice to a renewed request after preliminary screening of the Complaint under § 1915A is completed.

**IT IS ORDERED:**

(1) the Motion for Appointment of Counsel filed by Plaintiff Mark Staake (Doc. 2) is **DENIED** without prejudice to a renewed request for appointment of counsel after preliminary screening of the case is completed; and

(2) this Case Management Order shall govern proceedings in this case until further order of the Court.

UNITED STATES MAGISTRATE JUDGE